

Frederick L. Cottrell, III
302-651-7509
Cottrell@rlf.com

October 28, 2019

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

Re: *MED-EL Elektromedizinische Gerate Ges.m.b.H. et al. v. Advanced Bionics, LLC*, **C.A. No. 18-1530-MN**

Dear Judge Noreika:

  I submit this joint status report on behalf of the parties in accordance with the Court's October 3, 2019 Oral Order (D.I. 46).  The parties have met and conferred to discuss changes necessary to the schedule in light of the Court's grant of Counterclaim-Plaintiffs' leave to amend their counterclaims to assert infringement of two additional patents.  The parties agree that changes to the schedule are necessary and attach hereto, for the Court's consideration, an agreed-upon proposed amended scheduling order in which there are no unresolved disputes.

  With respect to the Court's request that the parties discuss narrowing the claims and defenses asserted, the parties respond as follows:

Plaintiffs/Counterclaim-Defendants

  Advanced Bionics has indicated that it will drop 12 asserted claims at this time. At present, MED-EL has asserted 9 claims across 2 patents, and Advanced Bionics, after its reduction, has asserted 33 claims across 6 patents. Further, the parties have proposed a date in advance of the deadline for final infringement and invalidity contentions by which they will meet and confer to discuss whether further narrowing is necessary.  The parties have also requested a date for a status conference with the Court following the close of expert discovery to discuss case scope and trial management.  Plaintiffs intend to seek two separate trials, the first for their claims of patent infringement followed by a separate trial with a different jury for Counterclaim-Plaintiffs' claims of patent infringement.

  The parties are also continuing to meet and confer concerning narrowing the number of claim terms for construction.  In light of the fact that there are eight patents-in-suit relating to

October 28, 2019
Page 2

different technology, the parties may need to seek additional guidance from the Court as to how many terms are to be construed.

Defendant/Counterclaim-Plaintiffs

      Pursuant to the Court's October 3 Order, and in an effort to ensure the efficient progress and streamlining of this case, Defendant/Counterclaim-Plaintiffs note as follows: First, Defendant/Counterclaim-Plaintiffs have agreed to voluntarily drop over a quarter of the asserted claims immediately as an initial effort to streamline the case, and expect further streamlining of patents and claims will occur throughout, including but not limited to in conjunction with a decision on claim construction. As MED-EL notes, the parties are continuing to meet and confer to narrow the number of terms in dispute, and hope to make further progress to minimize the number of disputes that will require the Court's attention. Second, in terms of defenses, Defendants/Counterclaim-Plaintiffs expect to file motions for summary judgment on both of MED-EL's asserted patents. The presently anticipated motion for the '909 patent is likely to be ripe after the Court has resolved the claim construction disputes; the anticipated motion for the '057 patent is on a straightforward legal issue and can be presented when most convenient to the Court. Third, Defendant/Counterclaim-Plaintiffs in parallel have also filed petitions for *inter partes review* with respect to the two patents asserted by Plaintiff MED-EL, with institution decisions due in February and March 2020. At bottom, Defendant/Counterclaim-Plaintiffs appreciate the demands on the Court's time, as well as the need to have a manageable number of patents and claims for any trial in this case, and will do what is necessary to appropriately tailor their assertions as the case progresses. Although premature to discuss at present, Defendant/Counterclaim-Plaintiffs expect the case to be sufficiently streamlined prior to trial such that all issues can be tried in a single jury trial.

                      \*                      \*                      \*

      Should the Court have any questions or concerns, counsel remain available at the Court's convenience.

                                                              Respectfully,

                                                             */s/ Frederick L. Cottrell, III*

                                                             Frederick L. Cottrell, III (#2555)

Enclosure
cc:   Counsel of Record (via CM/ECF