# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| ADVANCED BIONICS, LLC | )<br>) |
| Defendant. | )<br>)   C.A. No. 18-1530-JDW |
| ADVANCED BIONICS, LLC ADVANCED BIONICS AG, and SONOVA AG | )<br>)<br>)<br>) |
| Counterclaim Plaintiffs, | )<br>) |
| v. | )<br>) |
| MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, | )<br>)<br>)<br>) |
| Counterclaim Defendants. | ) |

**MED-EL'S OPENING BRIEF IN SUPPORT OF**
**<u>MOTION FOR LEAVE TO AMEND THE PLEADINGS</u>**

OF COUNSEL:

Kerry L. Timbers
Lisa M. Tittemore
Sharona H. Sternberg
Sunstein LLP
100 High Street
Boston, MA 02110
(617) 443-9292

Frederick L. Cottrell, III  (#2555)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
metzler@rlf.com

*Attorneys for Plaintiffs/Counterclaim Defendants*

Dated:  September 29, 2020

RLF1 24065022v.1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................1

SUMMARY OF THE ARGUMENTS .......................................................................................2

LEGAL STANDARD................................................................................................................3

FACTUAL BACKGROUND OF INEQUITABLE CONDUCT....................................................4

ARGUMENT............................................................................................................................6

    I.     MED-EL's proposed amendments squarely meet the requirements for pleading inequitable conduct. ........................................................................................6

    II.    MED-EL's motion to amend is timely and AB will not be unduly prejudiced..........................................................................................................7

CONCLUSION........................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adams v. Gould Inc.*,
    739 F.2d 858 (3d Cir. 1984)................................................................................................3

*Cot'n Wash, Inc. v. Henkel Corp.*,
    56 F. Supp. 3d 613 (D. Del 2014)........................................................................................7

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990)................................................................................................4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)............................................................................................7

*Foman v. Davis*,
    371 U.S. 178 (1962)............................................................................................................3

*Galderma Labs. Inc. v. Amneal Pharm., LLC*,
    No. 11-1106-LPS, 2013 WL 5461611 (D. Del. Sept. 30, 2013) ..........................................8

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,
    615 F.3d 159 (3d Cir. 2010)................................................................................................7

*ICU Med., Inc. v. RyMed Techs., Inc.*,
    674 F. Supp. 2d 574 (D. Del. 2009)....................................................................................8

*Intervet Inc. v. Boehringer Ingelheim Vetmedica, Inc.*,
    No. 11-595-LPS, 2012 WL 4808427 (D. Del. Oct. 9, 2012)...............................................3

*Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*,
    204 F.3d 1368 (Fed. Cir. 2000)...........................................................................................6

*Taltech Ltd. v. Esquel Enters. Ltd.*,
    609 F. Supp. 2d 1195 (W.D. Wash. 2009)..........................................................................6

**RULES**

Fed. R. Civ. P. 15(a) ....................................................................................................................3

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 15(a) and 16 and to District of Delaware Local Rule 15.1, Plaintiffs and Counterclaim Defendants MED-EL Elektromedizinische Geräte Ges.m.b.H. and MED-EL Corporation, USA (collectively, "MED-EL") respectfully move for leave to amend MED-EL's Answer, Affirmative Defenses, and Counterclaims to Advanced Bionics, LLC's Answer and Defenses and Advanced Bionics, LLC, Advanced Bionics AG, and Sonova AG's (collectively, "AB") First Amended Counterclaims for the limited purpose of adding (1) an affirmative defense of inequitable conduct during the prosecution of U.S. Patent No. 7,267,847 (the "Karamuk '847 Patent") and (2) a counterclaim for declaratory judgment of unenforceability of the Karamuk '847 Patent based on this inequitable conduct.

In accordance with District of Delaware Local Rule 15.1, a copy of MED-EL's proposed Answer, Affirmative Defenses, and Counterclaims to AB's First Amended Counterclaims is attached as Exhibit A. A redline of MED-EL's proposed Answer, Affirmative Defenses, and Counterclaims to AB's First Amended Counterclaims compared to MED-EL's original Answer, Affirmative Defenses, and Counterclaims to AB's First Amended Counterclaims is attached as Exhibit B. In accordance with Delaware Local Rule 7.1.1, the parties met and conferred regarding this matter on September 16, 2020, and AB opposes the proposed amendment to the pleadings.

## NATURE AND STAGE OF THE PROCEEDINGS

On October 3, 2018, MED-EL filed its complaint against AB, and on November 28, 2018, AB asserted counterclaims, asserting four patents, which did not include the Karamuk '847 Patent. The Scheduling Order (D.I. 17) set the deadline to amend the pleadings on August 19, 2019. After the deadline to amend the pleadings had passed, AB amended its counterclaims and asserted infringement of two additional patents that were not previously included in its counterclaims, including the Karamuk '847 Patent.

1

Indeed, despite the fact that this case began on October 3, 2018, AB waited until August 9, 2019, to tell MED-EL that it actually intended to add the Karamuk '847 Patent to the litigation, after informally mentioning the Karamuk '847 Patent to MED-EL among a number of additional patents. AB sought leave of court to amend its counterclaims with respect to the Karamuk '847 Patent by letter to Judge Maryellen Noreika dated August 23, 2019. (D.I. 38). AB received leave of court to amend on October 3, 2019. (D.I. 46). On October 8, 2019, AB filed its amended counterclaims including alleged infringement of Claims 1 and 2 of the Karamuk '847 Patent. (D.I. 49). In response, MED-EL filed its Answer, Affirmative Defenses, and Counterclaims on November 5, 2019. (D.I. 56).

Pursuant to the Stipulation and Order Modifying Scheduling Order (D.I. 97), fact discovery does not conclude until December 7, 2020. As discussed below, the parties have not completed exchanging documents and have not even begun taking depositions. In addition, opening case dispositive motions are not due until April 16, 2021, and trial is not scheduled to begin for over a year, i.e., not until October 12, 2021, or at the court's convenience.

On September 16, 2020, the parties discussed, among other things, MED-EL's intent to amend its defenses and counterclaims relating to inequitable conduct during the prosecution of the Karamuk '847 Patent. After a follow-up email exchange, AB informed MED-EL that AB opposes the proposed amendment to the pleadings.

### SUMMARY OF THE ARGUMENTS

MED-EL seeks to amend its defenses and counterclaims for the limited purpose of adding an affirmative defense and a counterclaim for declaratory judgment in relation to inequitable conduct during the prosecution of U.S. Patent No. 7,267,847 (the "Karamuk '847 Patent"). As set forth in more detail below, the inequitable conduct arises from misleading and incomplete information provided to the PTO, including the failure to disclose a readily available English

translation, regarding a material – indeed, anticipatory – German-language prior art reference with the intent to deceive the PTO and overcome patentability issues relating to the Karamuk '847 Patent.  MED-EL's proposed amendments set forth the specific who, what, when, where, and how of the inequitable conduct committed during the prosecution of the Karamuk '847 Patent and thus squarely meet the standard for pleading inequitable conduct.

Further, MED-EL's motion to amend the pleadings is timely and will not cause any undue prejudice to AB.  Indeed, MED-EL could not have met the Court's August 19, 2019, deadline to amend the pleadings, given that AB's amended counterclaims asserting infringement of the Karamuk '847 Patent were not filed until October 8, 2019, well after the August 19 deadline.  AB will not be unduly prejudiced by the proposed amendment, particularly as the facts relating to the inequitable conduct are all within AB's own possession, custody and control.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendments to the pleadings generally and provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182.

Federal Rule of Civil Procedure Rule 16(b) provides that the case schedule may be modified for good cause with the court's consent.  "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Intervet Inc. v. Boehringer Ingelheim Vetmedica, Inc.*, No. 11-595-LPS, 2012 WL 4808427, at *1 (D. Del. Oct. 9, 2012). When good

cause exists, leave to amend should be freely given. The Third Circuit has adopted a liberal policy favoring the amendment of pleadings. *Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990).

## FACTUAL BACKGROUND OF INEQUITABLE CONDUCT

During the filing and prosecution of the Karamuk '847 Patent, individuals acting as agents or with the knowledge of Counterclaim Plaintiff Sonova AG (collectively, with Defendant Advanced Bionics, LLC and Counterclaim Plaintiffs Advanced Bionics, LLC and Advanced Bionics AG, referred to herein as "AB" or the "Applicant"), including patent attorney Michael W. Garvey, misrepresented and withheld material information regarding a material – indeed, anticipatory – German-language prior art reference from the PTO with the intent to deceive the PTO for purposes of overcoming patentability issues and to obtain issuance of the Karamuk'847 Patent. This conduct is a violation of the duty of candor owed to the PTO and constitutes inequitable conduct.

Specifically, in an Information Disclosure Statement ("IDS") filed February 9, 2005, Mr. Garvey provided the PTO with an anticipatory German-language prior art reference, PCT Publication No. WO 99/45744 ("Meier WO '744") without an English translation of the relevant portions and without identifying the material portions of the reference to the PTO, even though he was well aware of the materiality and even though the English-language counterpart of Meier WO '744, U.S. Patent No. 6,574,343 ("Meier '343"), which he also failed to disclose to the PTO, was readily available to him.

Even worse, the German-language Meier WO '744 reference that Mr. Garvey provided to the PTO included a short, English-language abstract, but the abstract was incomplete and did not disclose key, highly relevant elements included in Meier WO '744, thereby misleading the PTO regarding the materiality of Meier WO '744. The patent examiner, without the benefit of the readily available, full English-language translation – and in light of the misleadingly incomplete

4

language of the abstract – had no way of knowing what was, in fact, disclosed in Meier WO '744 and would have been misled as to its materiality.

Moreover, as noted, Mr. Garvey did not disclose the readily available Meier '343, which was a continuation of the international patent application that published as Meier WO '744, even though Pearne & Gordon LLP, the firm at which Mr. Garvey worked during the relevant time and at which he continues to work, prosecuted both the Karamuk '847 Patent and Meier '343 on behalf of the Applicant. Meier '343, which issued on June 3, 2003, was readily available to Mr. Garvey when he filed the IDS on February 9, 2005. Further, PTO records show that Mr. Garvey himself prosecuted U.S. Application No. 10/376,834, filed on February 28, 2003, which was a subsequent continuation application of the application that issued as Meier '343.

Mr. Garvey also did not disclose to the PTO the European Search Report ("ESR"), which identified Meier WO '744 as an anticipatory reference to a European application related to the Karamuk '847 Patent, or disclose the corresponding Extended European Search Report ("EESR"), which provided the specific reasons that Meier WO '744 was identified as an anticipatory reference. Mr. Garvey appreciated the relevance of this citation and listed the German-language Meier WO '744 prior art reference during prosecution of the Karamuk '847 Patent before the PTO as "cited in ESR." However, Mr. Garvey failed to submit the ESR itself or the EESR, thus again providing the PTO with selective and misleading information.

The above and other facts relating to this inequitable conduct are discussed in more detail in the attached proposed amended pleadings. As explained above and in the proposed amended pleadings, the Applicant and Mr. Garvey's decisions to withhold information from the PTO, despite being clearly aware of the relevance of the information, reflect deliberate decisions to deceive the PTO. Accordingly, the Karamuk '847 Patent is unenforceable due to inequitable

5

**ARGUMENT**

**I.    MED-EL's proposed amendments squarely meet the requirements for pleading inequitable conduct.**

MED-EL's proposed amendments describe with particularity the facts demonstrating inequitable conduct during the prosecution of the Karamuk '847 Patent. As described in the above Factual Background of Inequitable Conduct and in the attached proposed amended pleadings, Applicant and its attorney Michael W. Garvey, misrepresented and withheld key information regarding a material – indeed, anticipatory – prior art reference from the PTO with the intent to deceive the PTO for purposes of overcoming patentability issues and to obtain issuance of the Karamuk'847 Patent.

The decision to withhold the materiality of the German-language Meier WO '744 from the PTO by failing to identify material portions of the reference or to provide the readily available, full English-language version of the reference -- and providing a misleading incomplete abstract relating to this reference -- as described in the above Factual Background of Inequitable Conduct and in the attached proposed amended pleadings, constitutes inequitable conduct. *See Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*, 204 F.3d 1368, 1377 (Fed. Cir. 2000) (affirming inequitable conduct where patentee submitted one-page, partial translation of foreign reference that focused "on less material portions" and "left the examiner with the impression that the examiner did not need to conduct any further translation or investigation"); *see also Taltech Ltd. v. Esquel Enters. Ltd.*, 609 F. Supp. 2d 1195 (W.D. Wash. 2009) (inadequacy of the translation of a prior art reference before the PTO during prosecution misled the examiner with respect to the materiality of the reference).

MED-EL's proposed amendments squarely comply with the standard for pleading inequitable conduct. AB's *only* stated reason for opposing MED-EL's proposed amended

6

pleadings was that AB did not believe that MED-EL's claim had merit. MED-EL's proposed amendments squarely identify the specific "who, what, when, where, and how," of the inequitable conduct before the PTO during the prosecution of the Karamuk '847 Patent, however, which is all that is required. *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 625 (D. Del 2014) (standard for pleading inequitable conduct distinguished from standard for proving inequitable conduct); *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) ("…the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission…"); *Great W.Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (court accepts pleaded allegations as true and views them in the light most favorable to the moving party).

MED-EL's proposed amendments set forth all requisite factual allegations to plead inequitable conduct relating to Mr. Garvey's decision to withhold and misrepresent specific material references during the prosecution of the Karamuk '847 Patent.

## II.     MED-EL's motion to amend is timely and AB will not be unduly prejudiced.

MED-EL's motion to amend its pleading to allege inequitable conduct is timely. After MED-EL filed its complaint on October 3, 2018, AB asserted counterclaims on November 28, 2018, and the court set a deadline for the parties to amend pleadings by August 19, 2019 (D.I. 55). AB subsequently amended its counterclaims and asserted infringement of additional patents that were not previously included in its counterclaims. AB's amended counterclaims, which included for the first time the alleged infringement of Claims 1 and 2 of the Karamuk '847 Patent, were filed on October 8, 2019. Accordingly, MED-EL could not have met the August 19, 2019, deadline for amending its pleadings relating to this patent, as the deadline had already passed by the time AB asserted the Karamuk '847 Patent. Since October 8, 2019, MED-EL has been diligent in its

investigation of AB's new claims and is now timely seeking to amend its pleadings relating to the Karamuk '847 Patent.

Moreover, MED-EL brings this motion well before the parties' proposed close of fact discovery and over a year before the proposed trial. *Galderma Labs. Inc. v. Amneal Pharm., LLC*, No. 11-1106-LPS, 2013 WL 5461611 (D. Del. Sept. 30, 2013) (granting motion to amend pleadings filed on the last day of fact discovery to allow alleged infringer to assert inequitable conduct).

AB will not be unduly prejudiced by the proposed amendments. AB cannot show – and has not argued – "that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered…." *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 578 (D. Del. 2009). Indeed, the inequitable conduct at issue here concerns acts and omissions committed by Sonova and Sonova's patent attorneys, and the facts underlying the inequitable conduct are in AB's own possession already.

Moreover, pursuant to the Stipulation and Order Modifying Schedule Order (D.I. 97), trial does not begin until October 12, 2021, or at the court's convenience. The parties have not completed exchanging document discovery, nor have they even begun taking depositions. Further, inequitable conduct is an issue to be decided by the court, not the jury, and therefore, the amendment will not impact the timing of the scheduled trial. Thus, AB will have an opportunity to address the inequitable conduct claims in a bench trial, which would not take place until after the jury trial scheduled for October 2021.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the attached proposed amended pleadings, MED-EL respectfully requests leave of the Court to amend its defenses and counterclaims to AB's amended counterclaims in order to include the affirmative defense of

8

inequitable conduct relating to the Karamuk '847 Patent and a counterclaim for declaratory judgment of unenforceability of the Karamuk '847 Patent due to inequitable conduct.

OF COUNSEL:

Kerry L. Timbers
Lisa M. Tittemore
Sharona H. Sternberg
Sunstein LLP
100 High Street
Boston, MA 02110
(617) 443-9292
ktimbers@sunsteinlaw.com
ltittemore@sunsteinlaw.com
ssternberg@sunsteinlaw.com

Dated:  September 29, 2020

/s/ *Frederick L. Cottrell, III*
Frederick L. Cottrell, III  (#2555)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
metzler@rlf.com

*Attorneys for Plaintiffs/Counterclaim Defendants*

9