# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| ADVANCED BIONICS, LLC, | )<br>) |
| Defendant. | )<br>) C.A. No. 18-1530-JDW |
| ADVANCED BIONICS, LLC, | )<br>) **CONFIDENTIAL-** |
| ADVANCED BIONICS AG, and SONOVA AG, | **FILED UNDER SEAL**<br>)<br>) |
| Counterclaim Plaintiffs, | )<br>) |
| v. | )<br>) |
| MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, | )<br>)<br>)<br>) |
| Counterclaim Defendants. | ) |

## MED-EL'S MOTION TO COMPEL DISCOVERY

OF COUNSEL:

Kerry L. Timbers
Lisa M. Tittemore
Sharona H. Sternberg
Sunstein LLP
100 High Street
Boston, MA 02110
(617) 443-9292

Frederick L. Cottrell, III  (#2555)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
metzler@rlf.com

Dated:  September 2, 2021

*Attorneys for Plaintiffs/Counterclaim Defendants*

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | Excerpts from MED-EL's First Set of Requests for Production (Nos. 22, 77-81) |
| 2 | Excerpts from Advanced Bionics' Objections and Responses to MED-EL's First Set of Requests for Production (Nos. 22, 77-81) |
| 3 | "About Us" page from AB's website, available at https://advancedbionics.com/us/en/home/about-us.html (accessed February 9, 2021) (MEDEL-0017212) |
| 4 | Excerpts from Transcript of 30(b)(6) Deposition of Sarah Downing, p. 63-67 (January 28, 2021) |
| 5 | "Designed in California" page from AB's website, available at https://advancedbionics.com/us/en/home/about-us/corporate-information.html (accessed September 2, 2021) (MEDEL-0017207) |
| 6 | "AB Global Offices" page from AB website, available at https://advancedbionics.com/us/en/home/about-us/ab-global-offices.html (accessed February 9, 2021) (MEDEL-0017199) |
| 7 | Press Release, Sonova Holdings AG, Sonova announces changes to the Management Board (Nov. 16, 2018), https://www.sonova.com/en/investor-news/sonova-announces-changes-management-board |
| 8 | 11/20/19 S. Sternberg Letter to M. Sernel |
| 9 | 9/17/20 S. Sternberg Letter to H. Santhanam |
| 10 | 11/17/20 S. Sternberg Letter to H. Santhanam |
| 11 | 12/7/20 S. Sternberg Letter to H. Santhanam |
| 12 | 1/11/21 S. Sternberg Letter to H. Santhanam |

## I. INTRODUCTION

Plaintiffs ("MED-EL") respectfully request a Court order compelling Defendant Advanced Bionics, LLC and Counterclaim Plaintiffs Advanced Bionics AG and Sonova AG (collectively, "AB") to produce complete information in relation to sales of infringing and embodying products. MED-EL seeks the Court's assistance because AB is refusing to provide information relating to the sales of the accused infringing products by Counterclaim Plaintiffs Advanced Bionics AG and Sonova AG and other AB entities that are all part of the global "Advanced Bionics Group." In so doing, AB deprives MED-EL of highly relevant information required for MED-EL to evaluate fully its damages arising from AB's infringing acts in the United States.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On June 5, 2019, MED-EL served on AB its First Set of Requests for Production, including Requests 22 and 77-81, which are relevant to this dispute, directing the requests to Advanced Bionics, LLC, Advanced Bionics AG, and Sonova AG. Ex. 1. AB's counsel responded on behalf of all three entities and did not object to the request for discovery from Advanced Bionics AG and Sonova AG. Ex. 2.

Although AB provided sales information in response to MED-EL's requests, the information is incomplete and is insufficient to permit MED-EL to prepare its damages analysis. AB's documents show that a substantial portion of its total identified sales of accused products are sales by Advanced Bionics, LLC to other AB entities, for example, Advanced Bionics AG, Advanced Bionics Instrumentos Auditivos Do Brazil, Advanced Bionics Asia Pacific Ltd., Sonova NZ Ltd., *etc*. ("AB Entities"). AB refers to these sales as "Intercompany Sales" and refuses to provide information regarding the sales by these other AB Entities to end customers.

The information that MED-EL seeks is not related to sales by unrelated parties, but rather related to sales by Advanced Bionics AG, Sonova AG (both parties to this litigation), and other AB Entities that operate in close coordination with Advanced Bionics, LLC, in order to sell products to third parties. Information available to MED-EL regarding the relationship between these entities includes:

- Sonova owns both Advanced Bionics, LLC and Advanced Bionics AG. Ex. 3; Ex. 4, at 67; Ex. 5.

- AB's website lists Advanced Bionics AG and Advanced Bionics, LLC as its Main Offices and identifies 19 other entities as Advanced Bionics Global Offices. Ex. 6.

- AB's website boasts "Advanced Bionics is a global leader … with operations in over 50 countries." Ex. 3.

- The President of Advanced Bionics, LLC, Victoria E. Carr-Brendel, is the Global President of the Advanced Bionics Group. She is also Group Vice President of Cochlear Implants of Advanced Bionics' parent company, Sonova AG. Ex. 7.

- AB's VP of Sales for North America and AB's Global VP of Sales both report to Ms. Carr-Brendel. Ex. 4, at 67.

- AB's Global VP of Marketing, Chris Bingham, works at Advanced Bionics, LLC in the United States and performs marketing duties for AB Entities worldwide. Ex. 4, at 63-65.

The deposition of AB's Rule 30(b)(6) representative on financial topics is scheduled for September 17, 2021, and thus MED-EL reluctantly brings this issue to the Court's attention for resolution. Counsel for MED-EL spoke with counsel for AB by phone on November 6, 2020, February 2, 2021, and February 8, 2021, and counsel exchanged various correspondence, but the parties were unable to reach agreement. Ex. 8-12. On September 1, 2021, counsel for MED-EL notified counsel for AB by email that due to the upcoming deposition on September 17, 2021, and the upcoming deadline for expert reports, MED-EL would be filing this motion to compel.

## III.	ARGUMENT

AB's refusal to produce the information prejudices MED-EL's ability to prepare its damages analysis, take depositions, and work with experts to prepare expert reports. By attempting to shield information for sales of products behind "Intercompany Sales" from discovery, AB hides crucial information relating to the sale of these products to third parties, including information identifying customers (e.g., name and address of clinics and hospitals); price information; revenue, cost, and profit information (collectively, "Third-Party Sales Information"). Importantly, AB's documents indicate vastly differing (lower) profit margins for the Intercompany Sales, precluding MED-EL from an accurate assessment of lost profits or a reasonable royalty on these sales. In addition, AB's failure to provide information regarding third-party customers and their locations prevents MED-EL from analyzing the size and location of the markets for AB's products.

### A.	The Third-Party Sales Information is Highly Relevant to Both Damages and Validity.

Both Advanced Bionics AG and Sonova AG voluntarily entered this litigation when they filed counterclaims against MED-EL.  As parties, Counterclaim Plaintiffs Advanced Bionics AG and Sonova AG have no proper basis for withholding information regarding their sales of the U.S. manufactured infringing products they purchase from Advanced Bionics, LLC.

"Long-established Federal Circuit precedent recognizes that, when an allegedly infringing product is produced in the United States … foreign sales are relevant to the determination of damages suffered as a result of the domestic act of infringement." *GE Healthcare Bio-Sciences AB v. Bio-Rad Labs. Inc.*, No. 1:14-CV-07080-LTS-SN, 2015 WL 7582967, at *1 (S.D.N.Y. Nov. 25, 2015) (ordering production of information regarding sales to customers outside U.S.); *3Com Corp. v. D-Link Sys., Inc.*, No. C 03-2177 VRW, 2007 WL 949596 (N.D. Cal. Mar. 27, 2007) (ordering production of worldwide sales and profit information).

3

The Third-Party Sales Information sought by MED-EL is highly relevant for determining a reasonable royalty rate. *See, e.g.*, *EVS Codec Techs., LLC v. OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2:19-CV-00057-JRG, 2020 WL 6365514, at *2 (E.D. Tex. Apr. 9, 2020) (ordering production of worldwide sales as "relevant to both reasonable royalty calculations and commercial success"). The information provided by AB regarding its "Intercompany Sales" is insufficient for calculating damages, including because transactions between related companies do not reflect arms-length transactions. *See, e.g.*, *Allen Archery, Inc. v. Browning Mfg. Co.*, 898 F.2d 787, 790 (Fed. Cir. 1990) (reversing damages award for calculation based on prices used in arms-length transactions rather than sales to related party).

The information MED-EL seeks is also relevant to the analysis of patent validity. *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1129-30 (Fed. Cir. 2000) (infringer's sales relevant to establishing commercial success); *Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452, 1461 (Fed. Cir. 1984) (same); *see also Bristol-Myers Squibb Co. v. Teva Pharms. USA, Inc.*, 923 F. Supp.2d 602, 633 (D. Del. 2013).

**B.    AB Cannot Hide Behind Its Corporate Structure to Withhold Highly Relevant Information and Documents.**

It is uncontested that MED-EL is entitled to discovery relating to Advanced Bionics, LLC's sales of accused and embodying products, whether Advanced Bionics, LLC sells those products to customers inside or outside of the United States. AB is improperly attempting to obfuscate the full impact of Advanced Bionics, LLC's sales outside of the United States, however, by hiding behind so-called "Intercompany Sales." Advanced Bionics, LLC is improperly refusing to provide information regarding the sale of its products to customers because it is using other AB Entities as intermediaries in those sales to customers.

AB's refusal to provide complete information relating to these "Intercompany Sales" is improper.  MED-EL is not seeking sales information relating to sales by unrelated third parties outside the U.S.  Rather, MED-EL is seeking sales information relating to the sale of Advanced Bionics, LLC products via closely related AB Entities working in concert with Advanced Bionics, LLC.  Advanced Bionics, LLC and the other AB Entities have common ownership, common officers and employees, share documents during the ordinary course of business, and coordinate their business activities.  Ex. 3, 5-7.  As AB touts on its website, these closely related entities operate together to sell products manufactured in the United States to customers in over 50 countries.  Accordingly, MED-EL is entitled to complete discovery relating to sales by the AB Entities.

Discovery from coordinated entities of this nature is appropriate and routine.  *See Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08-C-16, 2009 WL 2408898, at *3 (E.D. Wis. July 31, 2009) (ordering discovery from entity that "boasted" entities were "united in a shared business purpose"); *Lodestar Anstalt v. Bacardi & Co., Ltd.*, No. CV 16-6411 CAS (FEMx), 2018 WL 8786642 (C.D. Cal. Nov. 21, 2018) (ordering discovery from foreign non-party where entities shared officers, routinely exchanged documents, and benefitted from the transaction at issue); *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 132 (D. Del. 1986) (ordering discovery where parties acted in coordination); *In re Uranium Antitrust Litigation*, 480 F.Supp. 1138, 1153 (N.D. Ill. 1979) (same).

Moreover, recent Supreme Court precedent establishes the right to damages for domestically manufactured infringing products sold outside the United States. *WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129, 2140 (2018) (damages include products sold to parties outside the U.S.); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371-

5

LPS, 2018 WL 4804685, at *1 (D. Del. Oct. 4, 2018) (holding *WesternGeco* applies in context of infringement arising from U.S. manufacture and sales abroad). In any event, the *discoverability* of information relating to sales of products sold worldwide is well-established. *GE Healthcare Bio-Sciences AB v. Bio-Rad Labs. Inc.*, No. 1:14-CV-07080-LTS-SN, 2015 WL 7582967, at *1 (S.D.N.Y. Nov. 25, 2015).

## IV. CONCLUSION

For the foregoing reasons, MED-EL respectfully requests the Court grant its Motion to Compel in entirety and order AB to produce the Third-Party Sales Information within ten days.

|  |  |
|---|---|
| OF COUNSEL: | /s/ Frederick L. Cottrell, III |
|  | Frederick L. Cottrell, III (#2555) |
|  | Christine D. Haynes (#4697) |
| Kerry L. Timbers | Richards, Layton & Finger, P.A. |
| Lisa M. Tittemore | One Rodney Square |
| Sharona H. Sternberg | 920 North King Street |
| Sunstein LLP | Wilmington, DE 19801 |
| 100 High Street | (302) 651-7700 |
| Boston, MA 02110 | cottrell@rlf.com |
| (617) 443-9292 | haynes@rlf.com |
| ktimbers@sunsteinlaw.com |  |
| ltittemore@sunsteinlaw.com | *Attorneys for Plaintiffs/Counterclaim Defendants* |
| ssternberg@sunsteinlaw.com |  |

Dated: September 2, 2021

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2021, true and correct copies of the foregoing document were served, via e-mail, on the following:

<table>
<tr><td>

**BY E-MAIL**
Steven J. Balick
Andrew C. Mayo
ASHBY & GEDDES
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

</td><td>

**BY E-MAIL**
Marcus E. Sernel, P.C.
Greg Polins
Hari Santhanam
Bruce Ratain
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

</td></tr>
</table>

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

RLF1 25924401v.1