# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, <br><br> *Plaintiff,* <br><br> v. <br><br> Advanced Bionics, LLC, <br><br> *Defendant.* <br> ADVANCED BIONICS, LLC, ADVANCED BIONICS AG, and SONOVA AG, <br><br> *Counterclaim Plaintiffs,* <br><br> v. <br><br> MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, <br><br> *Counterclaim Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 18-1530-JDW |

## ADVANCED BIONICS' MOTION TO COMPEL DEPOSITION AND MEMORANDUM IN SUPPORT

*Of Counsel:*

Marcus E. Sernel, P.C.
Greg Polins
Hari Santhanam
Kyle M. Kantarek
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: September 21, 2021

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*
*Counterclaim- Plaintiffs*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................... 1

II.    BACKGROUND ...................................................................................................... 2

III.    ARGUMENT .......................................................................................................... 4

     A.      Erwin Hochmair's Assignment Agreement Necessitates His Appearance for Depositions on Matters Related to the '057 Patent. ......................................... 4

     B.      Erwin Hochmair Is Also Obligated to Submit to a Deposition As a Managing Agent of MED-EL. .............................................................................. 6

IV.    CONCLUSION ....................................................................................................... 9

## Table of Authorities

Page(s)

**Cases**

*Aerocrine AB v. Apeiron Inc.*,
    267 F.R.D. 105 (D. Del. 2010) ..................................................................2, 4, 7

*Amgen, Inc. v. Ariad Pharms., Inc.*,
    No. 06-CV-259-MPT, 2007 WL 1425854 (D. Del. May 14, 2007) ............................... *passim*

*Boss Mfg. Co. v. Hugo Boss AG*,
    No. 97-cv-8495, 1999 WL 20828 (S.D.N.Y. Jan. 13, 1999) ....................................................6

*Ethypharm S.A. France v. Abbott Lab'ys*,
    271 F.R.D. 82 (D. Del. 2010) ..................................................................................8

*Minebea Co. v. Papst*,
    370 F. Supp. 2d 302 (D.D.C. 2005) ........................................................................4

*Oakley, Inc. v. Neff, LLC*,
    No. 15-cv-148, 2015 WL 4479424 (S.D. Cal. July 21, 2015) ..................................................8

*RCA Trademark Mgmt. S.A.S. v. Voxx Int'l Corp.*,
    No. 14-cv-6294, 2015 WL 4865693 (S.D.N.Y. Aug. 13, 2015)................................................6

*United States v. Afram Lines (USA), Ltd.*,
    159 F.R.D. 408 (S.D.N.Y. 1994) ..........................................................................2, 6

*Zimmerman v. Al Jazeera Am.*,
    LLC, 329 F.R.D. 1 (D.D.C. 2018) ............................................................................7

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | Erwin Hochmair Assignment Agreement re RE46,057 |
| 2 | Excerpt from Ingeborg Hochmair's Deposition Transcript, Rough Draft (9-9-2021) |
| 3 | MED-EL's email to AB (9-17-2021) |
| 4 | Erwin Hochmair Notice of Deposition (11-16-2020) |
| 5 | MED-EL's Amended Initial Disclosures (4-1-2021) |
| 6 | MED-EL's email to AB (6-30-2021) |
| 7 | MED-EL's email to AB (7-20-2021) |
| 8 | MED-EL's email to AB (8-16-2021) |
| 9 | Exhibits A2, B1 and B6 to Advanced Bionics' Invalidity Contentions |
| 10 | MED-EL Website Press Information, https://www.medel.com/press-room/press-details/2021/08/01/dr-ingeborg-hochmair (last accessed, September 20, 2021). |

## I.     INTRODUCTION

Advanced Bionics ("AB") respectfully moves this Court for an order compelling MED-EL to produce its founder, co-owner, inventor, and long-time "employee" Erwin Hochmair for deposition in this case.  As briefly recounted for the Court during the teleconference this past Wednesday, counsel for MED-EL has been representing Mr.  Hochmair since the beginning of the case, and has represented to AB all along that he would be voluntarily produced for deposition.  Despite the deposition already being scheduled and the parties proceeding accordingly, MED-EL did a sudden about-face last Monday and alerted AB that Mr.  Hochmair now would now ***not*** voluntarily appear for his deposition.  MED-EL's counsel provided a mix of reasons, ranging from concerns about COVID to the fact that Mr. Hochmair was not technically an employee of MED-EL.[1]  None of these reasons have merit, and none justify MED-EL's effort to evade this deposition now.

The law is clear that MED-EL is obligated to make an inventor like Mr. Hochmair available for deposition, and in fact case law from the District of Delaware would dictate that he be produced in the United States for this deposition.  MED-EL asserts a patent in this case on which Mr. Hochmair is named as an inventor, and as part of his assignment of this patent to MED-EL, Mr. Hochmair committed to assist MED-EL with "enforc[ing] patents for the Invention," including by "attending depositions."  Ex. 1.[2]  Case law from this District has routinely relied on such

---

[1] While MED-EL has offered that one of the reasons for now refusing to make Mr. Hochmair available is the "worsening" of COVID rates in Italy and Austria, this is a pretext:  the COVID rates in these countries are indeed ***improving*** and better than they were when MED-EL was still agreeing that Mr. Hochmair would appear for his deposition a few weeks ago.

[2] Mr. Hochmair's Assignment agreement also references "Assignor's employment by Assignee," implying Mr. Hochmair was an "employee" of MED-EL.  Although MED-EL has contended that Mr. Hochmair was not technically an "employee" of MED-EL, this appears to be a matter of form over substance as apparently the two co-owners of MED-EL (Mr. and Mrs. Hochmair) did not

1

assignment language to compel attendance of foreign inventors for deposition.  *See, e.g.*, *Aerocrine AB v. Apeiron Inc.*, 267 F.R.D. 105, 111–12 (D. Del. 2010) (compelling depositions of patent inventors that were parties "to an assignment agreement that specifically contemplated the provision of testimony for purposes of enforcing patent rights"); *Amgen, Inc. v. Ariad Pharms., Inc.*, No. 06-CV-259-MPT, 2007 WL 1425854, at *3 (D. Del. May 14, 2007) (compelling depositions of witnesses whose assignment agreements required them to "secure fully the …invention") (internal marks omitted).  Moreover, by virtue of his role as a co-owner of a privately-owned company that has no other board of directors, Mr. Hochmair can also be required to appear in his role for deposition as a director or "managing agent" of the plaintiff in this case.  *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994).

AB provided this case law to MED-EL and offered MED-EL the opportunity to withdraw its objection, but MED-EL refused.  *See* Ex. 3.  MED-EL also did not respond to AB's inquiry regarding the legal basis for MED-EL's position in refusing to make Mr. Hochmair available.  AB thus requests that the Court compel MED-EL to present Mr. Hochmair for deposition on a date of AB's convenience, and also award fees and costs to AB for being forced to brief an issue on which MED-EL refuses to articulate a non-frivolous basis to oppose.

## II.    BACKGROUND

On November 16, 2020, AB served its Notice of Deposition of Erwin Hochmair, who is a co-inventor of U.S. Patent No. RE 46,057 (the "'057 Patent"), one of the patents at issue in this lawsuit, as well as the co-founder and a 49% shareholder of MED-EL (Mr. Hochmair's wife, Ingeborg Hochmair, owns the other 51%).  Ex. 2 at 17-18; Ex. 4.  MED-EL raised no objections

---

have formal employment agreements with the company.  (*See* Ex. 2 at 25 (explaining that while she is the CEO, she did not consider herself an employee)).

to this notice over the eight months that depositions were on hold for its witnesses due to COVID-related reasons.  In fact, in the interim, on April 1, 2021, MED-EL confirmed Erwin Hochmair was someone with "discoverable information concerning the invention of the patents in suit."  Ex. 5.  Even after COVID-related restrictions permitted the parties to schedule and proceed with these depositions, MED-EL raised no objections to Mr. Hochmair's deposition, and included "Erwin Hochmair" in the list of confirmed witnesses who would need translators during depositions.  Ex. 6.  Following this email, MED-EL continued to represent that Mr. Hochmair would be available for a deposition in Sterzing, Italy (Ex. 7), and eventually confirmed over a month ago that he would be available on September 24, 2021 for this virtual deposition.  Ex. 8.  At no point during these or other communications in this case did MED-EL ever raise the possibility that Mr. Hochmair would not voluntarily appear for his noticed deposition.  It was not until last week, a little more than a week before the scheduled deposition, that MED-EL suddenly informed AB that Mr. Hochmair would no longer appear for his deposition.  Ex. 3.

Erwin Hochmair is a named inventor on the '057 patent asserted in this case.  The '057 Patent was assigned to MED-EL by Mr. Hochmair and his named co-inventor, Martin Zimmerling, via an assignment agreement.  Ex. 1.  The assignment agreement outlines the duties of Mr. Hochmair to MED-EL in relation to the '057 Patent, and clearly states that he is required to perform acts to maintain or enforce the patent for MED-EL, including "***attending depositions***."  *Id.*  The assignment agreement further implies that the signatories are employees of MED-EL, using language that refers to the term of their "employment" by MED-EL.  *Id.*

Beyond his involvement as a named inventor, Erwin Hochmair is also a co-founder and co-owner of MED-EL.  Mr. Hochmair, along with his wife (who is the CEO of MED-EL), has been involved in running the company from its outset.  Ex. 2 at 12.  During his time at MED-EL,

3

Mr. Hochmair has sought patents on several inventions related to cochlear implants, including the use of magnets in cochlear implants (the subject matter of MED-EL's asserted patents in this case), all of which have been assigned to MED-EL.[3]

## III.     ARGUMENT

MED-EL's refusal to produce Erwin Hochmair for deposition prejudices AB's ability to adequately prepare its non-infringement and invalidity arguments with respect to the '057 Patent. It further impedes AB's ability to assess and understand MED-EL's corporate structure and internal business functions regarding its intellectual property.  For numerous reasons, MED-EL should be compelled to produce Mr. Hochmair for deposition.

### A.     Erwin Hochmair's Assignment Agreement Necessitates His Appearance for Depositions on Matters Related to the '057 Patent.

As an initial matter, MED-EL is obligated to produce Mr. Hochmair, and Mr. Hochmair is obligated to appear for a deposition, based on the language of his agreement assigning the '057 Patent to MED-EL.  Courts in the District of Delaware have consistently ordered depositions of non-employee inventors pursuant to their assignment agreements with the plaintiff in a patent case. *Aerocrine,* 267 F.R.D. 105, 111-12 (D. Del. 2010); *Amgen,* 2007 WL 1425854, at *3 (D. Del. May 14, 2007); *see also Minebea Co. v. Papst*, 370 F. Supp. 2d 302, 308 (D.D.C. 2005).  In *Aerocrine*, the district court analyzed the assignment agreement of the co-founders and co-inventors of the patent-in-suit, which stated the assignors' obligation to "testify in any judicial or administrative proceedings . . . to obtain and enforce said letters Patent in the United States."  267 F.R.D. 105 at 111.  The court found that this language "specifically contemplated the provision of testimony for

---

[3] It is unclear what contractual obligation Mr. Hochmair had to assign these patents to MED-EL, but presumably it was the result of some express or implied employment agreement with the company.

purposes of enforcing the patent rights" and ordered the witnesses to submit to a deposition. *Id.* at 112. The assignment agreement that Erwin Hochmair signed is no different, and in fact, provides greater detail on his obligations, specifically stating that he would be required to perform "acts . . . when requested by Assignee, including *attending depositions*, preparing and executing declarations and affidavits, and testifying as a witness, to obtain or maintain or enforce patents . . . in any and all countries." Ex. 1 (emphasis added). The explicit language of this agreement clearly contemplates the possibility of the assignors testifying in depositions for proceedings related to the enforcement of the patent, and an action for alleged infringement of the patent clearly implicates this provision.

Such assignment agreements are similarly upheld and enforced even for ***non***-employee inventors of a patent. In *Amgen*, the court rejected the plaintiff's argument that none of the inventors had ever been an employee of the company or affiliated with the company, and the court ordered the plaintiff to produce the witnesses for depositions per their assignment agreement, which stated that the inventors were required to give testimony to "secure fully the . . . invention" at request from the assignee. 2007 WL 1425854 at 2-3. Likewise, pursuant to the assignment agreement Mr. Hochmair signed, he is required to testify at MED-EL's request even if he is not employed by MED-EL. Ex. 1 (stating "[e]ach Assignor further agrees that such Assignor will, without further compensation to assignor during the term of such Assignor's employment by Assignee and *thereafter for reasonable compensation* as determined by Assignee, perform such other acts . . . ." (emphasis added).) In any event, the assignment agreement implies that the assignors are employees of MED-EL, and MED-EL has not produced any evidence showing Erwin Hochmair's termination from the company. In fact, press information on MED-EL's website refers to the other employees at MED-EL as Mr. Hochmair's "colleagues". Ex. 10. Even if MED-

EL argues that Mr. Hochmair is not an "employee" of MED-EL, his assignment agreement still creates an obligation to testify at a deposition and thus, places him within the ambit of MED-EL's control.

Mr. Hochmair's patent assignment agreement has much stronger language requiring his appearance for a deposition than has been found sufficient to compel depositions of patent inventors in prior cases in this District.  For this reason alone, MED-EL should be compelled to produce Mr. Hochmair for a deposition.

### B.   Erwin Hochmair Is Also Obligated to Submit to a Deposition As a Managing Agent of MED-EL.

Mr. Hochmair, through his position as one of two co-owners of a private company that has no other board of directors, is also a managing agent of the company and, thus, can be compelled to sit for his deposition for this alternative reason.  A managing agent can be compelled to give testimony pursuant to a notice of deposition under Rule 30(b)(1), and such a notice was served on Mr. Hochmair through MED-EL's counsel.  *See, e.g. Afram Lines.,* 159 F.R.D. 408, 413 (S.D.N.Y. 1994).

There is no formulaic test for determining whether or not an individual is a managing agent, but courts typically consider whether the "individual possess[es] general powers to exercise judgment and discretion in corporate matters . . . [,] [whether they] can be relied upon to give testimony, at the employer's request, in response to the demand of the examining party . . . [and] [whether they] can be expected to identify with the interests of the corporation."  *Boss Mfg. Co. v. Hugo Boss AG*, No. 97-CV-8495, 1999 WL 20828, at *3 (S.D.N.Y. Jan. 13, 1999).  The burden of proving whether an individual is a managing agent is a "modest one" with doubts to be resolved in favor of the requesting party.  *RCA Trademark Mgmt. S.A.S. v. Voxx Int'l Corp*., No. 14-CIV-6294, 2015 WL 4865693, at *3 (S.D.N.Y. Aug. 13, 2015); *Afram Lines,* 159 FRD at 414.  This

burden is satisfied when a party "produces enough evidence to show that there is at least a close question" whether the proposed deponent qualifies as a managing agent. *Id*.

The circumstances of Mr. Hochmair's relationship to MED-EL confirm that he is a managing agent. As a 49% owner of the company, he has the right to that share of any recovery that MED-EL may obtain in this case. Moreover, Mr. Hochmair has been involved with the company since its inception and is responsible for the development of some of the key technology marketed by MED-EL, including the patented technology at issue in this case. In fact, MED-EL's website indicates that both Ingeborg and Erwin Hochmair were responsible for hiring employees. Ex. 10 (noting that "*they* hired *their* first employees in 1990" (emphasis added)). Given his position, there is no doubt that Mr. Hochmair has a significant say in the administration of corporate matters, and most certainly identifies with MED-EL's interests.

It is generally recognized that officers, directors, and managing agents of a plaintiff are expected to be deposed within the forum district in which the case is filed. *Aerocrine*, 2007 WL 1425854 at 112. That is especially so, when the individual sought to be deposed is a percipient witness with relevant knowledge regarding issues in the case. *See Zimmerman v. Al Jazeera Am.*, LLC, 329 F.R.D. 1, 7 (D.D.C. 2018) (compelling deposition of defendant's acting director general on the basis that plaintiffs were entitled to explore his standard practice for reviewing documentaries).

Here, as one of two co-owners of the company, Erwin Hochmair has an ongoing relationship with MED-EL and is in the elevated position of someone with specific and relevant facts uniquely within his knowledge. For example, Mr. Hochmair is in a unique position to provide information relevant to not just the technical aspects of the '057 patent, but also business decisions that MED-EL makes or has made regarding its patents. Indeed, given his long tenure at MED-EL

(since its inception), Mr. Hochmair is likely to possess unique knowledge of MED-EL's marketing strategy over the years, the development of its business, the mindset at MED-EL when certain accused products were being developed. *Apple*, 282 F.R.D. 259 at 265 (compelling deposition of CEO on the basis that he he would have information on defendant's "design mentality at …the time that certain accused products were being developed"). Mr. Hochmair's stake in the company likely also gives him decision making power over the "design and development of the accused products" and "knowledge of facts relevant to the litigation." *Oakley, Inc. v. Neff, LLC*, No. 15-CV-148, 2015 WL 4479424, at *2 (S.D. Cal. July 21, 2015) (compelling deposition of high-ranking corporate official identified in initial disclosures as having information pertinent to litigation). On that independent basis, AB should have the opportunity to explore Mr. Hochmair's knowledge of MED-EL.

Moreover, given his position as one of two inventors named on the '057 patent, Erwin Hochmair is a key witness with technical knowledge of the patent, and deposing his co-inventor is not sufficient to adequately assess Erwin Hochmair's contribution to the invention. *See Amgen*, 2007 WL 1425854, at *3 (rejecting argument that the availability of other inventors makes the deposition of inventor subject to motion to compel unnecessary). He is also an author of one of the key prior art references relevant to the patents-in-suit. Ex. 9. And it bears mentioning that Ingeborg Hochmair, the co-founder and CEO of MED-EL, identified Erwin Hochmair as more of an expert on magnets than she is, when prompted on questions about MED-EL's asserted magnet technology during her deposition. Ex. 2 at 156.

Courts in the District of Delaware have recognized that a court may impose sanctions "if a party or a party's officer, director, or managing agent" does not appear for a deposition "after being served with proper notice." *Ethypharm S.A. France v. Abbott Lab'ys*, 271 F.R.D. 82, 90 (D.

Del. 2010) (internal marks omitted).  Especially given MED-EL's repeated assurances that Mr. Hochmair would be voluntarily made available—and AB's reliance on these assurances—any refusal by MED-EL to now produce Mr. Hochmair for deposition should merit sanctions.

In short, given his close and important relationship with MED-EL, Erwin Hochmair should be compelled to attend a deposition in this matter.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant AB's motion to compel the deposition of Erwin Hochmair.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Of Counsel:*

Marcus E. Sernel, P.C.
Greg Polins
Hari Santhanam
Kyle M. Kantarek
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

*Attorneys for Defendant*
*Counterclaim- Plaintiffs*

Dated: September 21, 2021

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 7.1.1</u>

Pursuant to D. Del. L.R. 7.1.1, I hereby certify that the parties made a good faith, reasonable effort to resolve the matters set forth in this motion, including oral communication involving Delaware counsel for the parties, but were unable to reach agreement.

*/s/ Andrew C. Mayo*

_____

Andrew C. Mayo (#5207)