# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H.** *et al.*, *Plaintiffs,* v. **ADVANCED BIONICS, LLC, et. al,** *Defendants.* | Case No. 1:18-cv-01530-JDW |

## MEMORANDUM

This Court disfavors and "disallows the routine and perfunctory closing of judicial records." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 677 (3d Cir. 2019) (quotation omitted). That is because it is the Court's obligation to protect "the bright light cast upon the judicial process by public observation [that] diminishes possibilities for injustice, incompetence, perjury, and fraud." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). After taking a hard look at Advanced Bionics's Motion to Seal Barry Sussman's expert report, the Court finds that Advanced Bionics has not made the showing necessary to seal the report.

### I.   LEGAL STANDARD

The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI,*

*Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). The Court therefore applies Third Circuit law with respect to motions to seal in patent cases.

The common law presumes that the public has a right of access to judicial records. *In re Avandia Marketing*, 924 F.3d at 672. "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). "A 'judicial record' is a document that 'has been filed with the court … or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *In re Avandia Marketing*, 924 F.3d at 672 (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added). A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review' to determine whether sealing is warranted. *Id.* (same).

This arduous standard reflects the importance of the public's right to access public records, including those that are part of judicial proceedings. Indeed, the judiciary has a "solemn duty to promote judicial transparency," and it cannot fulfill this

duty without taking a hard look at the parties' articulated bases for sealing judicial records, as well as the individual records themselves. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021). A party seeking closure of documents must make a specific and compelling showing before the Court will subordinate the public's presumptive right of access. That standard does not vary depending on the level of public interest in a case or which members of the public might be interested in it.

## II.   DISCUSSION

In this patent infringement case, Plaintiffs MED-EL Elektromedizinische Geräte Ges.m.b.H. and MED-EL Corporation (collectively "MED-EL") contend that Defendants Advanced Bionics, LLC, Advanced Bionics AG, and Sonova AG (collectively "Advanced Bionics") infringe two of MED-EL's patents: U.S. Patent No. RE46,057 titled "Reducing Effect of Magnetic and Electromagnetic Fields on an Implant's Magnet and/or Electronics" ("the '057 Patent") and U.S. Patent No. 8,634,909 titled "MRI-Safe Disc Magnet for Implants" ("the '909 Patent"). As part of its case, MED-EL hired Barry Sussman to analyze and provide his opinions regarding MED-EL's damages as a result of Advanced Bionics's alleged infringement of the two patents. According to Advanced Bionics, Mr. Sussman's report contains "highly confidential information regarding both parties' products, sales, and other business information." (D.I. 191.) Indeed, the report contains "detailed discussion of financial information (pricing, sales, revenues, profits), market share, and other business information[,]" all of which Advanced Bionics keeps confidential. (D.I. 191 at 5.) Advanced Bionics is correct that this sort of confidential, financial, business information is the sort of information that

courts may protect from public view. *See In re Avandia*, 924 F.3d at 679 ("To be sure, courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'") (quotation omitted).

However, Advanced Bionics's motion falls short because its unspecific, broad allegations of harm do not satisfy the demanding standard necessary to overcome the presumption of public access to judicial records. *See Genentech, Inc. v. Amgen, Inc.*, No. 17-cv-1407, 2020 WL 9432700, *3 (D. Del. Sept. 2, 2020) ("Generalized incantations that secrecy is required to prevent competitive or commercial harm are not enough to carry the movant's burden."). Though Advanced Bionics contends that public "[d]isclosure of detailed analysis of these private companies' financial information would clearly cause competitive harm in the marketplace" (D.I. 191 at 5), this single sentence of unsupported attorney argument falls well below the high burden necessary to overcome the public's right of access. It does not explain what use a competitor might make of the information or how its public disclosure will inure to Advanced Bionics's harm. Advanced Bionics must do far more than "opine about vague harms from unnamed entities." *ART+COM Innovationpool GmbH v. Google Inc.*, No. 14-cv-217, 2016 WL 10028722, at *5 (D. Del. Aug. 10, 2016). While Advanced Bionics might think that the harm is obvious, not all financial disclosures lead to competitive harm, and parties must make a showing to overcome the presumption, even where such harm may seem obvious to them.

### III. CONCLUSION

The Court cannot, and will not, shield judicial records based on a broad allegation of unspecific harm. If that were the case, almost any document could be sealed, and the public would never know what is going on in the courts. Instead, the Courts in this Circuit impose an arduous standard before keeping such information from public view. Advanced Bionics has not come close to meeting that standard, and the Court must deny its Motion to Seal. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON**
**United States District Judge**

Dated: December 2, 2021