## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, <br><br>    Plaintiffs, <br><br>    v. <br><br> ADVANCED BIONICS, LLC, <br><br>    Defendant. <br><br> ADVANCED BIONICS, LLC ADVANCED BIONICS AG, and SONOVA AG <br><br>    Counterclaim Plaintiffs, <br><br>    v. <br><br> MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, <br><br>    Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 1:18-cv-1530-JDW |

**DECLARATION OF MARIO KONEGGER IN SUPPORT OF MED-EL'S BRIEF IN SUPPORT OF JOINT MOTION TO SEAL SONOVA/AB'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, SONOVA/AB'S MOTION FOR SUMMARY JUDGMENT, AND EXHIBITS**

I, Mario Konegger, declare as follows:

1.  I am Head of IP of MED-EL Elektromedizinische Geräte Ges.m.b.H. (collectively with MED-EL Corporation, USA, "MED-EL"). In my role as Head of IP, I am personally familiar with the extensive efforts MED-EL takes to protect its confidential information and am actively involved with the present litigation. In my role as Head of IP, I have met with various

1

representatives of MED-EL's Leadership Team and Finance team regarding MED-EL's highly confidential information in ¶¶ 128-130 of Sonova/AB's Statement of Facts in Support of its Motion for Summary Judgment ("SOF"), footnote 6 of Sonova/AB's Motion for Summary Judgment ("MSJ"), page 102 of Exhibit 5 (excerpts of Graves Rebuttal Report), all of Exhibit 17 (2006 Project Assessment), and page 137 of Exhibit 18 (experts of Erwin Hochmair's deposition transcript) (collectively the "Material to be Sealed").

2. I submit this Declaration in support of MED-EL's brief in support of sealing the Material to be Sealed.

3. I have been provided and have reviewed a version of the Material to be Sealed and portions of these documents contain MED-EL's highly confidential strategic research plans and technical and design information.

4. It is critical to MED-EL that the Court maintain under seal MED-EL's highly confidential information contained in the Material to be Sealed. MED-EL has always taken extensive measures to maintain the confidentiality of research and development projects, internal competitive analysis documents, and strategies regarding IP protection. MED-EL has been extremely concerned about the protection of its highly confidential information during this litigation, and has been very careful to protect this information at all times.

5. MED-EL designated the information reflected Exhibit 17 as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the protective order in the case and the SOF and MSJ quote directly from this document. MED-EL designated portions of the information reflected in Exhibits 5 and 18 as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the protective order in the case and the SOF and MSJ quote directly from or paraphrase these exhibits.

6. I have reviewed MED-EL's proposed redactions to the Material to be Sealed. MED-EL's proposed redactions seek to redact portions of the documents which refer to, quote, summarize, and/or otherwise disclose MED-EL's sensitive, highly confidential, research and development projects, internal competitive analysis documents, and strategies regarding IP protection. Specifically, footnote 6 of AB's MSJ, ¶¶ 128-130 of SOF, and Exhibit 17 discuss an internal research and development project assignment from 2006 relating to MED-EL's magnet technology; Page 102 of Exhibit 5 summarizes (incorrectly) MED-EL's internal, highly confidential technical and competitive analysis documents; Paragraph 131 of SOF and page 137 of Exhibit 18 relate to one of the inventors of the Zimmerling '057 Patent and MED-EL's decision to seek patent protection, reflecting MED-EL's strategies for intellectual property protection.

7. This information is highly confidential and sensitive information that MED-EL does not disclose publicly and wishes to remain confidential. MED-EL operates in a highly competitive market with a limited number of competitors, and if the highly confidential information contained in the Material to be Sealed were made public, MED-EL's competitors would be able to make decisions about where, when, and how to offer directly competitive goods with full knowledge of MED-EL's research and development projects, internal competitive analysis documents, and strategies regarding IP protection. MED-EL's competitors would gain significant advantage in creating their own business strategies, which would put MED-EL at a significant competitive disadvantage, causing it real and serious harm.

8. Based on my personal knowledge and experience in the cochlear implant business, I believe that disclosure of this information would significantly harm MED-EL by revealing MED-EL's highly confidential data and trade secrets with its direct competitors and with the public generally.

9. MED-EL manufactures and sells cochlear implants in the hotly competitive cochlear implant industry to help restore hearing for individuals with severe-to-profound sensorineural hearing loss. There are three major cochlear implant manufacturers worldwide – MED-EL, Sonova/AB, and Cochlear Limited. Additionally, there are newer entrants to the cochlear implant market, including, for example, Oticon Medical and Nurotron. Because there are so few competitors in the cochlear implant market, the market is highly competitive, and any information about one of the competitors, even seemingly minor information, may prove competitively advantageous.

10. MED-EL is a privately held company and is considered small by comparison to its current primary competitors, Sonova/AB and Cochlear Limited.  One of the advantages that MED-EL has over its competitors is its status as a privately held company. As a privately held company, MED-EL does not publish its financial information, which is maintained as highly confidential and shared internally at MED-EL with only limited employees on a strictly and carefully maintained need-to-know basis.

11. In response to each request by Sonova/AB for documents or information relating to MED-EL's research and development projects, internal competitive analysis documents, and strategies regarding IP protection, MED-EL consulted with counsel to understand the legal requirements of providing information to counsel for Sonova/AB, to identify the relevant information requested, and to limit any unnecessary disclosure of confidential information. Approval to disclose documents and information in this case under the CONFIDENTIAL – ATTORNEYS' EYES ONLY designation came from individuals at the highest levels of MED-EL's organization, primarily MED-EL's CEO Ingeborg Hochmair.

12. The information in ¶¶ 128-130 of the SOF, footnote 6 of the MSJ, and Exhibits 5, 17, and 18 MED-EL proposes to protect has only been shared as CONFIDENTIAL - ATTORNEYS' EYES ONLY under the protective order in this case and can currently only be seen by the parties' outside counsel and experts.

13. If MED-EL's competitors in the cochlear implant industry were to have access to the data and information regarding MED-EL's research and development projects, internal competitive analysis documents, and strategies regarding IP protection disclosed in the Material to be Sealed, it would put MED-EL at a significant competitive disadvantage and cause MED-EL serious harm by supplying MED-EL's competitors with information regarding MED-EL's research and development projects, internal competitive analysis documents, and strategies regarding IP protection, which would allow MED-EL's competitors advantage in creating their own business strategies.

14. Accordingly, to prevent serious, real harm to MED-EL, the Court must maintain under seal MED-EL's highly confidential information contained in ¶¶ 128-130 of Sonova/AB's Statement of Facts in Support of its Motion for Summary Judgment ("SOF"), footnote 6 of Sonova/AB's Motion for Summary Judgment ("MSJ"), and Exhibit 17 (2006 Project Assignment for Spherical Implant Magnets.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: April 7, 2022

Respectfully submitted,

_M. Ronegger_
Mario Konegger
Head of IP
MED-EL Elektromedizinische Geräte
Ges.m.b.H.
Fuerstenweg 77a
6020 Innsbruck, AT

6