**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, | ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| v. | ) ) |
| ADVANCED BIONICS, LLC, | ) ) |
| | ) |
| Defendant. | ) ) |
| | )   C.A. No. 18-1530-JDW |
| | ) |
| ADVANCED BIONICS, LLC, ADVANCED BIONICS AG, and SONOVA AG, | ) ) ) |
| | ) |
| Counterclaim Plaintiffs, | ) ) |
| | ) |
| v. | ) ) |
| MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, | ) ) ) |
| | ) |
| Counterclaim Defendants. | ) ) |
| | ) |

**MED-EL'S BRIEF IN SUPPORT OF JOINT MOTION TO SEAL EXHIBIT 2 TO ADVANCED BIONICS' ANSWERING BRIEF IN OPPOSITION TO MED-EL'S *DAUBERT* MOTION TO EXCLUDE TESTIMONY OF GERALD POPELKA**

OF COUNSEL:

Kerry L. Timbers
Lisa M. Tittemore
Sharona H. Sternberg
Sunstein LLP
100 High Street
Boston, MA 02110
(617) 443-9292

Dated:  April 29, 2022

Frederick L. Cottrell, III  (#2555)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

*Attorneys for Plaintiffs/Counterclaim Defendants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... ii

I.   INTRODUCTION ............................................................................................... 1

II.  PROCEDURAL AND FACTUAL BACKGROUND ...................................... 1

     A.   Procedural Background ............................................................................. 1

     B.   Factual Background ................................................................................... 2

III. LEGAL STANDARD ......................................................................................... 3

IV.  ARGUMENT ....................................................................................................... 4

     A.   Disclosure of MED-EL's Highly Confidential Information in Exhibit 2 will cause a clearly defined and serious injury to MED-EL ........................................................................................................... 4

     B.   MED-EL's Confidential Information in Exhibit 2 should be protected as it is the type of information that courts in the Third Circuit frequently protect. ...................................................................... 5

V.   CONCLUSION .................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*,
   800 F.2d 339 (3d Cir. 1986) ........................................................................... 3

*Del. Display Grp. LLC v. LG Elecs. Inc.*,
   221 F. Supp. 3d 495 (D. Del. 2016) ............................................................... 6

*Depomed, Inc. v. Purdue Pharma L.P.*,
   No. 13-571-MLC-TJB, 2017 WL 2840003 (D.N.J. June 29, 2017) ................. 6

*Genentech, Inc. v. Amgen, Inc.*,
   No. 17-1407-CFC, 2020 WL 9432700 (D. Del. Sept. 2, 2020), *report and
   recommendation adopted*, No. 17-1407-CFC 2020 WL 9432702 (D. Del. Oct.
   1, 2020) ....................................................................................................... 4 6

*GFI, Inc. v. Franklin Corp.*,
   265 F.3d 1268 (Fed. Cir. 2001) ...................................................................... 3

*In re Avandia Mktg. Sales Pracs. & Prods. Liab. Litig.*,
   924 F.3d 662 (3d Cir. 2019) ........................................................................... 3

*In re Cendant Corp.*,
   260 F.3d 183 (3d Cir. 2001) ........................................................................... 3

*Littlejohn v. Bic Corp.*,
   851 F.2d 673 (3d Cir. 1988) ........................................................................... 3

*Miller v. Ind. Hosp.*,
   16 F.3d 549 (3d Cir. 1994) ............................................................................. 3

*Mosaid Techs. Inc. v. LSI Corp.*,
   878 F. Supp. 2d 503 (D. Del. 2012) ............................................................... 4

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ....................................................................................... 6

*Osteotech, Inc. v. Regeneration Techs., Inc.*,
   No. 06-4249 (FLW), 2009 WL 10728726 (D.N.J. Jan. 21, 2009) ................... 6

**Other Authorities**

Fed. R. Civ. P. 26(c)(1)(G) ................................................................................. 6

## I.      INTRODUCTION

Plaintiffs and Counterclaim Defendants MED-EL Elektromedizinische Geräte Ges.m.b.H. and MED-EL Corporation, USA's (collectively, "MED-EL") respectfully request the Court to seal highly confidential information contained in Exhibit 2 to Advanced Bionics' Answering Brief in Opposition to MED-EL's *Daubert* Motion to Exclude Testimony of Gerald R. Popelka (Popelka Opposition).

MED-EL's highly confidential information contained in Exhibit 2 must be maintained under seal in order to prevent serious and real harm to MED-EL.  Release of MED-EL's highly confidential information contained in Exhibit 2 to the public and MED-EL's business competitors would create a clearly defined and serious injury to MED-EL, as discussed in detail below.  MED-EL respectfully requests that the Court maintain under seal one sentence of page 80 of Exhibit 2 (Popelka Rebuttal).

## II.     PROCEDURAL AND FACTUAL BACKGROUND

### A.      Procedural Background

On October 3, 2018, MED-EL filed its complaint against Sonova/AB, asserting the Zimmerling '057 and Zimmerling '909 patents. On November 28, 2018, Sonova/AB filed counterclaims, asserting the Schmid '681, Faltys '747, Overstreet '308, and Crawford '647 patents. On October 8, 2019, Sonova/AB amended its counterclaims to assert the Maltan '746 and Karamuk '847 Patents. Pursuant to the Court's Order of July 30, 2021 (D.I. 157), all claims concerning the Schmid '681, Karamuk '847, and Maltan '746 patents have been stayed since the close of fact discovery.[1]   The parties completed expert discovery on the patents that were not

---

[1] Pursuant to subsequent IPR decisions by the PTAB, the Maltan '746, Karamuk '847, Schmid '681, and all but claim 3 of the Faltys '747 patent, are invalid. The deadline for appeal regarding

stayed, and pursuant to the Court's order of April 4, 2022, summary judgment and/or Daubert motions are due on or before April 7, 2022 and answering briefs are due on or before April 29, 2022.

During the parties' meet and confer on April 28, 2022, the parties agreed to file a joint motion to seal the Popelka Opposition and exhibits and to file individual briefs in support of the motion with respect to each parties' own highly confidential information.

### B.   Factual Background

MED-EL manufactures and sells cochlear implant systems in the hotly competitive cochlear implant industry. Decl. at ¶ 9.[2] There are three major cochlear implant manufacturers worldwide – MED-EL, Sonova/AB, and Cochlear Limited – as well as some newer entrants to the marketplace (for example, Oticon Medical and Nurotron). *Id.* Because there are so few competitors in the cochlear implant marketplace, the market is highly competitive. *Id.*

MED-EL is a small company by comparison to its (current) primary competitors, Sonova/AB and Cochlear. Decl. at ¶ 10. One of the advantages that MED-EL has over its competitors is its status as a privately held company. *Id.* As a privately held company, MED-EL does not publish its SWOT (strength, weakness, opportunities, threat) or other competitive analyses, which are maintained as highly confidential and shared internally at MED-EL with only limited employees on a strictly and carefully maintained need-to-know basis. *Id.*

MED-EL takes extensive steps – even strictly limiting access within MED-EL – to maintain its financial information, including information with respect to unit sales, revenues, costs,

---

Maltan '746 and Karamuk '847 is June 2, 2022, an appeal regarding Schmid '681 is pending at the Federal Circuit, and no appeal was filed regarding Faltys '747.

[2] Citations to "Decl." refer to the Declaration of Mario Konegger in Support of MED-EL's Brief in Support of Joint Motion to Seal Exhibit 2 to Advanced Bionics' Answering Brief in Opposition to MED-EL's *Daubert* Motion to Exclude Testimony of Gerald R. Popelka.

profit margins, licensing, and the like, as strictly confidential. Further, MED-EL has taken extreme care during this litigation to protect the confidentiality of this information. MED-EL provides the Declaration of Mario Konegger in support of its requests herein.

## III.   LEGAL STANDARD

The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues. The issues raised by the instant motion to seal thus should be decided pursuant to Third Circuit law. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001).

Third Circuit common law presumes that the public has a right of access to judicial records, but also protects business records when access would cause economic harm, e.g., competitive harm. *In re Avandia Mktg.,Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "Although the common law right to public access is a recognized and venerated principle, courts have also recognized the accompanying principle that the right is not absolute." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citations and quotations omitted); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("Despite the presumption, courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing").

A movant overcomes the presumption of access by showing "that the interest in secrecy outweighs the presumption." *In re Avandia Mktg.*, 924 F.3d at 672 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). A movant may make this showing by demonstrating that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking protection. *See In re Avandia Mktg.*, 924 F.3d at 672 (citing *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The Court applies a "good cause" standard to justify sealing or redacting judicial records,

3

which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public.") *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012).

## IV.   ARGUMENT

Good cause exists to seal Exhibit 2, which discloses a portion of MED-EL's highly confidential SWOT analysis from October 2020. Disclosure of such information would cause real and serious competitive harm to MED-EL. This Court has found good cause to redact confidential information, which could cause real and serious harm if disclosed, and is the sort of material that courts have frequently redacted. *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012); *Genentech, Inc. v. Amgen, Inc.*, No. 17-1407-CFC, 2020 WL 9432700, at *5 (D. Del. Sept. 2, 2020), *report and recommendation adopted*, No. 17-1407-CFC, 2020 WL 9432702 (D. Del. Oct. 1, 2020) (finding good cause to seal confidential business information in a highly competitive field where even seemingly minor pieces of information can be valuable to competitors).

In order to protect this information, MED-EL proposes to provide the Court with a redacted version of Exhibit 2.  MED-EL's proposed redactions are narrow in scope and refer only to MED-EL's confidential, sensitive SWOT analysis in order to prevent the serious harm to MED-EL, which would be caused by its public release.

### A.   Disclosure of MED-EL's Highly Confidential Information in Exhibit 2 will cause a clearly defined and serious injury to MED-EL.

Page 80 of Exhibit 2 references and summarizes MED-EL's highly confidential October 2020 SWOT analysis. Decl. at ¶ 6. Public disclosure of MED-EL's highly confidential information will cause MED-EL present and future commercial and competitive harm by supplying MED-EL's competitors and customers with information regarding at least MED-EL's perceived

strengths, weaknesses, and future plans. Competitors would gain significant advantage in creating their own messaging and business strategies, which would put MED-EL at a significant competitive disadvantage, causing it real and serious harm. Decl. at ¶ 13.

MED-EL's proposed redactions are narrow in scope and refer only to MED-EL's highly confidential SWOT analysis. The proposed redactions do not hinder the public's understanding of the basis for relief sought in the Popelka Opposition because the subject matter of the motion would remain public and the text of the Popelka Opposition does not require any redactions.

**B.    MED-EL's Confidential Information in Exhibit 2 should be protected as it is the type of information that courts in the Third Circuit frequently protect.**

The information reflected Exhibit 2 summarizes MED-EL's highly confidential SWOT analysis that is not known to competitors or to the general public. To date, this information has only been shared as CONFIDENTIAL - ATTORNEYS' EYES ONLY under the protective order, and can only be seen by the parties' outside counsel and experts. Decl. at ¶ 12. MED-EL and its counsel have taken strict and careful measures to maintain this information as confidential through the litigation of this dispute.

For example, in response to each request by Sonova/AB for documents or information relating to MED-EL's competitive analyses, MED-EL specifically consulted with counsel to understand the legal requirements of providing information to counsel for Sonova/AB, to identify the relevant information requested, and to limit any unnecessary disclosure of confidential information. Decl. at ¶ 11. Only after discussion at the highest level of the company was approval provided to disclose the documents and information containing MED-EL's highly confidential competitive analyses. *Id.*  Disclosure of MED-EL's sensitive business information into the public domain would cause great harm to MED-EL by revealing MED-EL's highly confidential competitive analyses with its direct competitors and with the public generally. Decl. at ¶ 8.  The

information MED-EL seeks to protect is precisely the kind of information that courts in this district recognize is appropriate to be sealed in public proceedings.

Courts in this circuit routinely protect from disclosure highly confidential competitive analyses. *See Osteotech, Inc. v. Regeneration Techs*., Inc., No. 06-4249 (FLW), 2009 WL 10728726, at *2 (D.N.J. Jan. 21, 2009) (granting motion to seal to protect a party's "confidential technical and business information"); *Depomed, Inc. v. Purdue Pharma L.P.,* No. 13-571-MLC-TJB, 2017 WL 2840003, at *2 (D.N.J. June 29, 2017) (finding that patent plaintiff "has a legitimate interest in maintaining the confidentiality of its commercial strategies, as well as information relevant to research, development, technical and supplier information"); *Genentech, Inc.*, 2020 WL 9432700, at *5 (finding good cause to seal confidential business information in a highly competitive field where even seemingly minor pieces of information can be valuable to competitors); *Del Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) (good cause exists to seal or redact information such as "the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology); *see also* Fed. R. Civ. P. 26(c)(1)(G) (identifying "a trade secret or other confidential research, development, or commercial information" as one category of information that can be protected via court order). The Supreme Court has explained that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as ... sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

MED-EL's proposed redactions to Page 80 (¶ 110) of Exhibit 2 are narrow in scope do not hinder the public's understanding of the basis for the relief sought in the Popelka Opposition because the subject matter of the motion would remain unredacted. MED-EL seeks to seal the kind

6

of information that courts will protect, and disclosure of the information will cause MED-EL a clearly defined, serious injury.

## V.      CONCLUSION

For the foregoing reasons, MED-EL respectfully requests the Court grant the Joint Motion to Seal Exhibit 2 to Advanced Bionics' Answering Brief in Opposition to MED-EL's *Daubert* Motion to Exclude Testimony of Gerald R. Popelka.


OF COUNSEL:                                 */s/ Frederick L. Cottrell, III*
                                            Frederick L. Cottrell, III  (#2555)
Kerry L. Timbers                            Christine D. Haynes (#4697)
Lisa M. Tittemore                           Richards, Layton & Finger, P.A.
Sharona H. Sternberg                        One Rodney Square
Sunstein LLP                                920 North King Street
100 High Street                             Wilmington, DE 19801
Boston, MA 02110                            (302) 651-7700
(617) 443-9292                              cottrell@rlf.com
ktimbers@sunsteinlaw.com                    haynes@rlf.com
ltittemore@sunsteinlaw.com
ssternberg@sunsteinlaw.com                  *Attorneys for Plaintiffs/Counterclaim Defendants*

Dated:  April 29, 2022