

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

May 19, 2022

**VIA E-MAIL AND FEDERAL EXPRESS**

The Honorable Joshua D. Wolson
U.S. District Court for the Eastern
 District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re: *MED-EL Elektromedizinische Geräte Ges.m.b.H. and MED-EL Corporation, USA v. Advanced Bionics, LLC*, C.A. No. 18-1530-JDW

Dear Judge Wolson:

  MED-EL Elektromedizinische Geräte Ges.m.b.H. and MED-EL Corporation, USA (collectively, "MED-EL") respectfully requests, pursuant to Local Rule 7.1.15, that the Court clarify its Order dated May 12, 2022 ("Order") (D.I. 342) concerning the sealing of various briefs and exhibits filed by the parties on April 29 and May 10. In particular, the Court denied MED-EL's request to seal all information concerning a certain cross-license agreement.

  Although the Court's Order is clear that the Court does not consider the terms of the cross-license that require MED-EL to maintain its **existence** as confidential to be sufficient to overcome the presumption in favor of public access to judicial documents, MED-EL believes that a different analysis applies with respect to MED-EL's strategy for entering the cross-license and with respect to the substantive terms of the agreement, which MED-EL believes is consistent with the Court's Order. MED-EL therefore seeks clarification as to the extent to which the contents of or strategy surrounding the cross-license must be made public.

  As the Court recognized, "[m]aterials that reflect licensing strategies are 'the sort of material that courts have frequently redacted.'" D.I. 342 p. 7 (quoting *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp.2d 503, 511 (D. Del. 2012)). Much of the information that MED-EL seeks to redact from its Answering Brief in Opposition to Advanced Bionics's *Daubert* Motion to Exclude Expert Opinions of Barry Sussman ("Opposition") (D.I. 307) and Exhibits 73 and 86 (D.I. 309) relate to the contents of and strategy concerning the cross-license.

  Pursuant to *Mosaid* and consistent with this Court's Order, MED-EL seeks clarification that the following information may remain sealed:

∎ ∎ ∎

The Honorable Joshua D. Wolson
May 19, 2022
Page 2

- The top of page 5 of the Opposition discloses why MED-EL entered into the cross license and then quotes testimony from MED-EL's CEO, Ingeborg Hochmair for support.

- In the last sentence on page 28 of Exhibit 73, Mr. Sussman's Reply, he discloses the content of the cross-license agreement.

- Pages 84, 84 and 286 of Dr. Hochmair's deposition contain testimony about MED-EL's basis for entering into the cross-license and its thoughts about the deal it struck.

Attached to this letter, MED-EL submits revised proposed redactions that would not seal documents/testimony regarding the existence of the cross-license, but would continue to maintain under seal information regarding the substantive contents of the agreement and MED-EL's highly confidential strategic reasons for entering into it.

MED-EL respectfully requests that this Court clarify its Order and permit MED-EL to maintain under seal the information described above relating to the content and strategy concerning the cross-license

Counsel remain available at the Court's convenience should Your Honor have any questions.

                                                  Respectfully,

                                                  */s/ Frederick L. Cottrell, III*

                                                  Frederick L. Cottrell, III (#2555)

cc:     Counsel of Record (via e-mail)