# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H.** *et al.*, <br><br> *Plaintiffs,* <br> v. <br><br> **ADVANCED BIONICS, LLC, et. al,** <br><br> *Defendants.* | Case No. 1:18-cv-01530-JDW |

### ORDER

**AND NOW**, this 20th day of May, 2022, the Court notes as follows.

1. The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, the Court applies Third Circuit law with respect to motions to seal in patent cases.

2. The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3,

2020). "A 'judicial record' is a document that 'has been filed with the court ... or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Avandia*, 924 F.3d at 672 (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added).

3. A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review' to determine whether sealing is warranted. *Id.* (same). That standard does not vary depending on the level of public interest in a case or which members of the public might be interested in it. "Things that typically weigh against the necessity of sealing include that the information is … already in the public record[.]" *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016)).

4. Given these standards, it is **ORDERED** that the Parties' Joint Motion To Seal MED-EL's Sur-Reply Brief And Exhibits To The Declaration In Support Of MED-EL's Sur-Reply Brief In Opposition To Advanced Bionics's *Daubert* Motion To Exclude Expert Opinions Of Barry Sussman (D.I. 350) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Both MED-EL and Advanced Bionics ask the Court to permit them to redact portions of filings that contain their confidential financial information. In its

prior Memoranda and Orders, the Court has already determined that this sort of data is the type of confidential business information that courts will protect from disclosure. (D.I. 193 at 3-4; D.I. 203 ¶ 7; D.I. 274 ¶ 3; D.I. 342 ¶ 3.) In addition, both Parties have presented evidence that should this information become public and available to their rivals in the highly-competitive cochlear implant market, then MED-EL and Advanced Bionics would suffer competitive harm as a result. As a result, the Motion is **GRANTED** with respect to the redacted information set forth on page 10 of MED-EL's Sur-reply at D.I. 348 and the redacted information in Exhibit 114 to the Sur-reply.

        b.    In addition, MED-EL asks the Court to seal an internal travel session report authored by MED-EL USA's CEO, Raymond Gamble, which reflects conversations with, and comments from, specific surgeons and/or audiologists from various medical centers as to the reasons why they and/or their patients choose to purchase products from MED-EL or one of MED-EL's competitors. While this confidential customer insight is certainly competitive information that courts may protect from public view, *In re Avandia*, 924 F.3d at 679, not all of the information set forth in Exhibit 113 falls into that category. For example, information that a medical center is "[b]eing targeted by AB" or is "[h]eavily staffed by AB" is not the type of competitive information that courts will protect from public view. However, aside from these two references, MED-EL has demonstrated that it will suffer significant competitive harm if the remaining information is made available to the public. Thus, the Motion is **DENIED** with respect to those two specific notations in Exhibit 113, and it is otherwise **GRANTED**.

3

      c.      It is **FURTHER ORDERED** that MED-EL shall re-file Exhibit 113 in redacted format, consistent with the Court's ruling, on or before May 25, 2022.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**HON. JOSHUA D. WOLSON**
**United States District Judge**