IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, <br><br> *Plaintiff*, <br><br> v. <br><br> ADVANCED BIONICS, LLC, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| ADVANCED BIONICS, LLC, ADVANCED BIONICS AG, and SONOVA AG, <br><br> *Counterclaim Plaintiffs*, <br><br> v. <br><br> MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H. and MED-EL CORPORATION, USA, <br><br> *Counterclaim Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 18-1530-JDW

## COUNTERCLAIM DEFENDANTS' OPPOSITION TO AB MOTION *IN LIMINE* #3

OF COUNSEL:

Kerry L. Timbers
Sharona H. Sternberg
Lisa M. Tittemore
Katherine W. Soule
Bryan D. Harrison
Kevin R. Mosier
SUNSTEIN LLP
100 High Street
Boston, MA 02110
(617) 443-9292
ktimbers@sunsteinlaw.com
ssternberg@sunsteinlaw.com

Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square 920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

1

ltittemore@sunsteinlaw.com
ksoule@sunsteinlaw.com
bharrison@sunsteinlaw.com
kmosier@sunsteinlaw.com

*Counsel for Counterclaim Defendants MED-EL Elektromedizinische Geräte Ges.m.b.H. and MED-EL Corporation, USA*

Dated: October 13, 2023

The Court should deny Sonova/AB's motion *in limine* #3 and permit MED-EL to refer to the perceived strengths and weaknesses of the parties' respective products, including any reliability or recall issues concerning Sonova/AB's cochlear implants.

Relevant to the damages analysis and any hypothetical negotiation are the facts that MED-EL and Sonova/AB are direct competitors and the value of the purported inventions as a generator of sales. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D. N.Y. 1970), *judgment modified*, 446 F.2d 295 (2d Cir. 1971). During the deposition of MED-EL's technical expert, Dr. Douglas Sladen, Sonova/AB asked questions about the considerations prospective patients make with respect to selection of cochlear implant devices, as well as "the strengths and weaknesses" of Advanced Bionics, in [Dr. Sladen's] view." Ex. 1, Sladen Dep. at 42:12-13; 230:15-233:17.

As a practicing audiologist who works with patients, Dr. Sladen proceeded to identify some considerations he discusses with patients, as well as perceived strengths and weaknesses of the parties' respective devices. Dr. Sladen testified that one "example of consideration is the reliability of the device, how long do we expect the device to last once it's implanted." *Id.* at 231:25-232:2. Dr. Sladen also testified that he goes "over strengths and weaknesses of each product" with a patient. *Id.* at 47:18-19. After answering a question about perceived strengths of Sonova/AB's products, Dr. Sladen then began answering about weaknesses Sonova/AB's products. Sonova/AB's counsel interrupted and asked him to instead answer a question about MED-EL's weaknesses, not AB's. *Id.* at 47:20-48:12. In an effort to complete the record, and because Sonova/AB did not ask the necessary follow up questions or allow Dr. Sladen to complete his answer, MED-EL's counsel then asked Dr. Sladen about the weaknesses of Sonova/AB's products at the end of the deposition. D.I. 393 Ex. 9 at 234:6-235:15. It was in this

context that Dr. Sladen mentioned the recall and reliability issues that face Sonova/AB, which he views as pertinent to patient decision making.

Specifically with respect to the reliability of devices, the relevant exchanges were as follows:

> Q. What are the other important [patient] considerations?
>
> MS. STERNBERG: Objection.
>
> A. There are numerous ones. Is it okay if I just give you a couple of examples?
>
> QUESTIONS BY MR. POLINS:
>
> Q. Sure.
>
> A. Another example of consideration is reliability of the device, how long do we expect the device to last once it's implanted.

Ex. 1, Sladen Dep. at 231:18-232:2.

\*\*\*

> Q. So do you recall, early on in your testimony, you were asked about the strengths and weaknesses of various cochlear implants offered by different manufacturers?
>
> A. Yes.
>
> Q. I believe you had begun answering about some perceived weaknesses relating to AB's cochlear implant; is that right?
>
> A. Yes. I believe so.
>
> Q. I just want to give you the opportunity. So what weaknesses do you perceive or do you discuss with patients relative to AB's cochlear implant that they offer?
>
> MR. POLINS: Objection.

>A. The AB device is a bit more complicated in terms of operating the system. So, for example, some patients really want to be able to put the implant on and go and not have to worry about maneuvering the device, and AB's device tends to be a bit complicated for some of those folks.
>
>QUESTIONS BY MS. STERNBERG:
>
>Q. Is there anything else?
>
>A. Another area that patients ask about is reliability. And AB's had more examples and instances in which it's had to be pulled off the market for -- for its reliability.
>
>Q. Is there anything else you can think of?
>
>A. Those are the two that I was going to mention.

D.N. 393 Ex. 9 at 234:11-235:15.

"Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds." *Davis v. Spicer*, No. 21-874-SRF, 2023 WL 2126150, at *1 (D. Del. Feb. 17, 2023). Sonova/AB bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, and the court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded. *Id.* ("Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context."). Sonova/AB has not met its burden of demonstrating that any and all evidence related to the reliability or recall of AB's products is inadmissible on any relevant ground, or that the prejudice it would face that would outweigh such relevance. This is especially true since considerations of patients when choosing a cochlear implant manufacturer is highly relevant to the purported value of the inventions as a generator of sales.

Additionally, to the extent the door is opened at trial to testimony regarding the reasons patients choose various cochlear implants or the relative strength or weakness of either Sonova/AB's or MED-EL's products, MED-EL should be permitted to elicit testimony, whether on direct or redirect, to ensure a complete record. *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2022 WL 2800911, at *2 (D. Del. June 27, 2022) (allowing introducing of evidence should plaintiff open the door at trial); *Branch v. Brennan,* No. 2:17-CV-00777, 2019 WL 3892850, at *2 (W.D. Pa. Aug. 19, 2019) (denying motion *in limine* to the extent it would prevent plaintiff from introducing testimony in response to defendant opening the door to such evidence).

|  |  |
|---|---|
| OF COUNSEL: | */s/ Frederick L. Cottrell, III* |
|  | Frederick L. Cottrell, III  (#2555) |
| Kerry L. Timbers | Christine D. Haynes (#4697) |
| Sharona H. Sternberg | Richards, Layton & Finger, P.A. |
| Lisa M. Tittemore | One Rodney Square |
| Katherine W. Soule | 920 North King Street |
| Bryan D. Harrison | Wilmington, DE 19801 |
| Kevin R. Mosier | (302) 651-7700 |
| SUNSTEIN LLP | cottrell@rlf.com |
| 100 High Street | haynes@rlf.com |
| Boston, MA 02110 |  |
| (617) 443-9292 | *Attorneys for Plaintiffs/Counterclaim Defendants* |
| ktimbers@sunsteinlaw.com |  |
| ssternberg@sunsteinlaw.com |  |
| ltittemore@sunsteinlaw.com |  |
| ksoule@sunsteinlaw.com |  |
| bharrison@sunsteinlaw.com |  |
| kmosier@sunsteinlaw.com |  |

Dated:  October 13, 2023